

$350.00

**SD**

**FILED**
FEB 13 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Marjorie Archer
927 Stanbridge Street
Apartment 3
Norristown, PA 19401
        Plaintiff,

v.

Madlyn and Leonard Abramson
Center for Jewish Life
1425 Horsham Road
North Wales, PA 19454

    And

John Does 1-10
        Defendants.

12    0749

CIVIL ACTION NO.:

:JURY OF TWELVE (12) JURORS REQUESTED

## CIVIL ACTION COMPLAINT

### I. Preliminary Statement

1. This is an action for an award of money damages, attorney's fees, costs and other relief on behalf of Plaintiff, Marjorie Archer, who was fired by Defendant because she practices an Apostolic/born again Christian faith, who has been harmed by Defendant's conduct in denying Plaintiff her right to freely pursue her sincerely held religious beliefs.

### II. Jurisdictional Statement

2. The jurisdiction in this Court is founded pursuant to 28 U.S.C., §1331, 1343 and 42 U.S.C. §2000e-5(f) based on federal question jurisdiction. Venue is proper in this judicial district pursuant to 28 USC §1391(b) and 42 U.S.C. §2000e-5(f)(3) in that the events giving rise to Plaintiff's claims occurred in this district.

3. All conditions precendent to the institution of this suit have been fulfilled. Plaintiff has satisfied all jurisdictional and administrative prerequisites to the maintenance of this action. (Exhs. A and B).

4. In part, this action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by Title I of the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII") and 42 U.S.C. §1983.

### III. Parties

5. Plaintiff, Marjorie Archer, is an adult individual residing at all times material at the above captioned address.

6. Defendant, Madlyn and Leonard Abramson Center for Jewish Life ("CJL"), is a non-profit corporation, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters at the above captioned address.

7. At all times material, CJL was acting through Defendants, John Does, its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Defendant.

8. Defendant, John Does 1-10, is a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

### IV. Statement of Claims

9. In or around October 2001, Plaintiff began work as a Licensed Practical Nurse Care Coordinator with CJL.

10. CJL is a resident facility for elderly and infirmed Jewish persons.

11. Prior to starting work, Plaintiff informed CJL of her sincerely held religious belief as a Apostolic, born-again Christian.

12. At all times, Plaintiff was qualified for her job, based on her education, certification and employment as an LPN with Defendant for nine years prior to her termination.

13. Plaintiff did not hide her religion, and Defendant was aware of her religious beliefs.

14. Defendants regarded Plaintiff's religious beliefs as "crazy" and her beliefs made Defendants uncomfortable – despite that Plaintiff never outwardly displayed her religion and only responded to those questions asked of her by Defendant and its employees and agents.

15. At all times during Plaintiff's employment, other of Defendant's employees wore crosses and crucifixes openly and promoted their religion to Defendant and their residents.

16. At no time did Plaintiff ever discuss conversion or promote her religion to Defendant's residents.

17. At all times material, employees practicing other religions were treated more favorably than Plaintiff.

18. On November 9, 2010, Plaintiff was fired by Defendant.

19. The reason Plaintiff was given for her termination was that she had tried to convert a dying patient to become a born-again Christian.

20. Plaintiff never tried to convert any patients or employees of CJL to an apostolic faith.

21. Plaintiff was fired solely on the basis of her religious beliefs.

22. As a result of Defendants' actions, Plaintiff has not been able to find substitute employment at a similar wage level since her termination.

23. Plaintiff's right to freely practice her sincerely held religious beliefs, as guaranteed by the First Amendment to the United States Constitution, and its corollary, was infringed by Defendant's actions in this matter.

24. The aforesaid injuries were directly caused by and constituted Defendant's discrimination against Plaintiff.

### COUNT I

**42 U.S.C.A. §2000e-3(a), as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), and 43 P.S. §951, et seq., the Pennsylvania Human Relations Act ("PHRA")**

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth at length herein.

26. Plaintiff is a member of a protected class.

27. Plaintiff was reasonably qualified to perform the position that Defendant hired her to perform.

28. Defendant fired Plaintiff, and hired and/or retained a non-apostolic/born again Christian employee to perform jobs similarly situated to the work Plaintiff was performing.

29. Defendant fired Plaintiff because of Plaintiff's religious beliefs.

30. Religion was a determining and motivating factor in the termination of Plaintiff.

31. Defendant, by the discriminatory and retaliatory acts set forth herein, has violated Title VII and the PHRA.

32. Defendant's violations were intentional and willful.

### V. Prayer for Relief

**WHEREFORE**, Plaintiff, Marjorie Archer demands judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, punitive and compensatory damages, together with interest and costs and such other and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

Plaintiff additionally prays to be compensated with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory damages for future pecuniary losses, and for such other and further relief as this Honorable Court deems just and proper.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiff